MARTIN MACK v. ALBERT ECKERLIN.

1. NOTICE OF TENANT'S ELECTION TO RENEW MUST BE GIVEN AT OR BEFORE TERM EXPIRES.

Notice of the tenant's election to renew must be given at or before the expiration of the term, under a lease containing a privilege of renewal at the expiration of the term.

2. JUDGMENT OF MAGISTRATE IN FORCIBLE DETAINER CANNOT BE REVERSED BECAUSE AGAINST WEIGHT OF EVIDENCE (LAN. R. L. 10192; R. S. 6610).

Under Lan. R. L. 10192 (R. S. 6610), a reviewing court is not authorized to reverse the judgment of a justice of the peace in an action of forcible entry and detainer, upon the ground that it is not sustained by sufficient evidence.

3. NOTICE TO LEAVE PREMISES HELD TO BE AN IMPLIED PROMISE FOR FURTHER OCCUPATION, WHEN.

The provision, "that your compliance with this notice on May 14, 1904, will prevent legal measures being taken by me," contained in a notice to leave premises, which was served on the tenth day of the month, may amount to an implied promise that the tenant may leave the premises on the fourteenth, but, being unsupported by any consideration, is not binding upon the landlord; and, in such case, an action of forcible entry and detainer may be commenced after three days from service of the notice.

ERROR to Hamilton common pleas court.

**Closs & Leubbert,** for plaintiff in error.

**N. J. Utter,** for defendant in error:

As to the distinction between the extension and renewal of a lease. 18 Am. & Eng. Enc. Law (2 ed.) 692; *Renond* v. *Daskam,* 34 Conn. 512; *Shamp* v. *White,* 106 Cal. 220 [39 Pac. Rep. 537]; *Thiebaud* v. *Bank,* 42 Ind. 212; *Darling* v. *Hoban,* 53 Mich. 599 [19 N. W. Rep. 545]; *Cooper* v. *Joy,* 105 Mich. 374 [63 N. W. Rep. 414]; *Falley* v. *Giles,* 29 Ind. 114; *Bradford* v. *Patten,* 108 Mass. 153; *Atlantic Nat. Bank* v. *Demmon,* 139 Mass. 420 [1 N. E. Rep. 833]; *Hemphill* v. *Flynn,* 2 Pa. St. 144; *Schuyler* v. *Smith,* 51 N. Y. 309 [10 Am. Rep. 609]; *Skaggs* v. *Elkus,* 45 Cal. 154; *Worthington* v. *Rolling. Mill,* 6 Dec. Re. 1038 (9 Am. L. Rec. 693; 6 Bull. 235); *M'Alpine* v. *Swift,* 1 Ball & B. 285; *Elevator Co.* v. *Brown,* 36 Ohio St. 660; *Maxwell* v. *Ward,* 13 Price 674; *Gladwell* v. *Holcomb,* 60 Ohio St. 427 [54 N. E. Rep. 473; 71 Am. St. Rep. 724]; *Griffin* v. *Griffin,* 10 Sch. & Lef. 352; *Railway* v. *West,*

57 Ohio St. 161 [49 N. E. Rep. 344] ; *London (City)* v. *Mitford,* 14 Ves. Jr. 41.

Notice to vacate may be served either before or after the expiration of the term of a lease. *Leutzey* v. *Herchelrode,* 20 Ohio St. 334; *Hoveler* v. *Luhrmann,* 4 Dec. 149 (3 N. P. 224).

This court will not consider the weight of the evidence, but only its competency. Laning R. L. 10192 (R. S. 6610) ; *State* v. *Wood,* 22 Ohio St. 537.

## PER CURIAM.

The original action was one in forcible detainer in which the justice of peace awarded judgment of restitution of the premises to the defendant in error. To that judgment error was prosecuted to the court of common pleas, and to that judgment of affirmance, error is now prosecuted in this court.

The defendant in error leased to the plaintiff in error certain premises for a term of three years, commencing May 1, 1901, "with the privilege of renewal at the expiration of the said three years for another three years at the same rental."

The first alleged error is that the notice to quit the premises was not served at least three days before commencing the action.

The notice was served on May 10, 1904; the suit was commenced on May 14, 1904. Laning R. L. 10184 (R. S. 6602) requires only that the notice shall be served at least three days before commencing an action. In this case that was done but it is contended that in the notice it was stated that "your compliance with this notice on May 14, 1904, will prevent legal measures being taken by me." This may be an implied promise that the tenant would be required to leave the premises on May 14, but it is not binding upon the promisor for the reason that it is unsupported by any consideration.

It is also contended that under this lease no notice was required of the intention of the tenant to renew the lease, but under the terms of this lease, we think the notice of the tenant's election to renew the lease should have been given at or before the expiration of the term. 18 Am. & Eng. Enc. Law (2 ed.) 692.

We are asked also to review the weight of the testimony upon the question whether the lease was in fact renewed by the acceptance of rent for a term of six months after the expiration of the term.

Under Lan. R. L. 10192 (R. S. 6610), a reviewing court is not authorized to reverse the judgment upon the ground that it is not sustained by sufficient evidence. *State* v. *Wood,* 22 Ohio St. 537.

Judgment affirmed.